UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| LISA MARIE JONES, | § | No. 5:16–CV–264–DAE |
| on behalf of herself and all others | § | |
| similarly situated, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| WARREN UNILUBE, INC., | § | |
| | § | |
| Defendant. | | |

ORDER GRANTING IN PART AND
DENYING IN PART MOTION TO DISMISS

Before the Court is Defendant Warren Unilube, Inc's. ("Warren")

Motion to Dismiss the First Amended Complaint.  (Dkt. # 16.)  Pursuant to Local

Rule 7(h), the Court finds the matter suitable for disposition without a hearing.  For

the reasons that follow, the Court **GRANTS IN PART AND DENIES IN PART**

Defendant's Motion to Dismiss.  (Dkt. # 16.)

BACKGROUND

According to Plaintiff Lisa Marie Jones, Warren is engaged in the

business of selling, distributing, packaging, and compounding lubricants and

chemicals, and maintains a principal place of business in West Memphis,

Arkansas.  ("Am. Compl.," Dkt. # 11 ¶ 9, 15–16.)  Plaintiff is a resident of

1

Memphis, Tennessee, and has been employed by Warren as a quality assurance coordinator since March 2015.  (Id. ¶ 19.)

According to Plaintiff, she is paid different hourly rates depending upon the shift she is scheduled to work.  (Am. Compl. ¶¶ 22–22.)  For example, Plaintiff states that she is compensated at a rate of $8 per hour if she is scheduled to work between 7:00 AM and 3:30 PM, $9 per hour if she is scheduled to work between 3:30 PM and 12:00 AM, and $10.20 per hour if she is scheduled to work between 12:00 AM and 3:00 AM.   (Id. ¶ 22.)  Plaintiff states that she is incorrectly classified an "exempt" employee, and works 60 to 70 hours per week, but is not compensated time-and-one-half for hours worked in excess of forty hours per week.  (Id. ¶¶ 23–25.)

On March 15, 2016, Plaintiff brought suit against Warren on behalf of herself and all others similarly situated, alleging she was not paid overtime wages in accordance with the Fair Labor Standards Act ("FLSA") 29 U.S.C. § 201 et seq. (Am. Compl. ¶ 37.)  Plaintiff claims venue is proper in the Western District of Texas, because Warren maintains an office in San Antonio.  (Id. ¶ 6.)  Warren does not challenge Plaintiff's choice of venue.  Plaintiff seeks damages including unpaid overtime wages, liquidated damages, and attorney fees and costs.  (Id. ¶¶ 39–43.)

On July 26, 2016, Warren filed a Motion to Dismiss Plaintiff's Amended Collective Action Complaint.  (Dkt. # 16.)  Plaintiff timely filed a Response (Dkt. # 18), and Warren filed a Reply (Dkt. # 20).

<u>LEGAL STANDARD</u>

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted."  Review is limited to the contents of the complaint and matters properly subject to judicial notice.  <u>See</u> <u>Tellabs, Inc. v. Makor Issues & Rights, Ltd.</u>, 551 U.S. 308, 322 (2007).  In analyzing a motion to dismiss for failure to state a claim, "[t]he court accept[s] 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'"  <u>In re Katrina Canal Breaches Litig.</u>, 495 F.3d 191, 205 (5th Cir. 2007) (quoting <u>Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit</u>, 369 F.3d 464, 467 (5th Cir. 2004)).

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."  <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009).

DISCUSSION

I.  Motion to Dismiss

Warren moves to dismiss the Amended Complaint, arguing that Plaintiff's FLSA claim fails because she has not pled the existence of at least one specific workweek in which she worked over forty hours and was not paid overtime pay.  (Dkt. # 16 at 3–7.)  Warren also argues that Plaintiff has not adequately pled facts to support a collective action complaint.  (Id. at 7–8.)

A.  FLSA Claim

The FLSA requires employers to compensate non-exempt employees one and one-half times their regular pay rate for each hour worked in excess of forty hours per week; the FLSA provides a cause of action to certain employees not appropriately compensated for overtime work.  29 U.S.C. §§ 207(a)(1) & 216(b).  In order to be protected by the FLSA, a plaintiff must assert that she is "employed in an enterprise engaged in commerce or in the production of goods for commerce."  Martin v. Bedell, 955 F.2d 1029, 1032 (5th Cir. 1992).  Commerce, as it is used within the FLSA, means interstate commerce.  29 U.S.C. § 203(b).  Warren does not dispute that Plaintiff has adequately alleged it is an employer involved in interstate commerce, and hence bound by the FLSA.

Warren asserts that many other circuits require FLSA plaintiffs to plead the existence of at least one specific workweek in which he or she worked

over forty hours, but was not paid overtime pay.  (Dkt. # 16 at 4–7.)  Plaintiff does not plead specific weeks in which she worked over forty hours per week and was not compensated at an overtime rate; Warren argues this failure warrants dismissal. (Id.)

In the absence of a Fifth Circuit opinion on this issue, district courts within the Fifth Circuit have nearly uniformly found a pleading sufficient where it "put[s] Defendant on notice as to the relevant date range, as well as the approximate number of hours for which Plaintiff claims [s]he was under-compensated[;] . . . the 'FLSA does not require more.'"  Ecoquij-Tzep v. Hawaiian Grill, No. 3–16–cv–625, 2016 WL 3745685, at *3 (N. D. Tex. July 12, 2016) (quoting Mejia v. Bros. Petroleum, LLC, No. 12–2842, 2015 WL 3619894, at *6 (E.D. La. June 9, 2015) (finding that plaintiff stated a claim under the FLSA where he alleged that he was not paid overtime pay for an average amount of hours within a specified date range)); but see Whitlock v. That Toe Co., LLC, No. 3:14–cv–2298, 2015 WL 1914606, at *2–3 (N.D. Tex. Apr. 28, 2015) (finding that plaintiff's complaint, which included no information regarding "the hours he worked or the manner in which he worked overtime," was so vague that it could not be found to state a claim).

Here, Plaintiff states she has worked for Warren from March 2015 until the present, that she has worked an average of 60 to 70 hours per week for the

5

duration of her employment, and that she received "strai[gh]t time" rather than overtime pay for those hours she worked in excess of forty hours per week.  (Am. Compl. ¶¶ 18–20.)  She also states that she is a non-exempt employee for purposes of the FLSA.  (Id. ¶ 25.)  At this early stage in litigation, Plaintiff has adequately pled that her right to overtime pay under the FLSA has been violated. Accordingly, Warren's motion to dismiss Plaintiff's individual claim under the FLSA is **DENIED**.

> B.  Collective Action Complaint

The FLSA provides a collective action mechanism by which "similarly situated" employees may give written consent to join a lawsuit.  Id. § 216(b)  see also Acevedo v. Allsup's Convenience Stores, Inc., 600 F.3d 516, 518 (5th Cir. 2010) ("Section 216(b) only authorizes such representative actions to be filed on behalf of individuals who have given their 'consent in writing to become . . . a party'" (quoting 29 U.S.C. § 216(b)).).  The collective action mechanism allows "[s]imilarly situated employees [to] 'opt-in' to a lawsuit under § 207(a) to benefit from a judgment."  Walker et al. v. Honghua Am., LLC, 870 F. Supp. 2d 462, 465 (S.D. Tex. May 7, 2012).

While a collective action is conditionally certified pursuant to a motion, and the analysis of such an action is conducted separately from the motion to dismiss phase, this Court has previously concluded that "a 12(b)(6) analysis of

class allegations is appropriate, even when the plaintiff has not yet filed a motion for conditional class certification."  <u>Huchingson v. Rao</u>, 5:14–cv–1118–DAE, 2015 WL 1655113, at *3 (W.D. Tex. Apr. 14, 2015) (collecting cases).  Accordingly, "Rule 12(b)(6) requires that a plaintiff give the defendant fair notice of the putative class."  <u>Id.</u>

  Here, plaintiff alleges only that the proposed class is comprised of "quality assurance coordinators paid on an hourly basis at any time during the three-year period immediately preceding the filing of this suit."  (Am. Compl. ¶ 8; Dkt. # 18 at 3.)  Plaintiff's Amended Complaint does not include any information regarding the geographic location of these employees, any description of such employees' job duties, or an allegation that these employees worked more than forty hours per week.[1]  (<u>See</u> Am. Compl.)  Accordingly, Plaintiff has failed to adequately state a collective action claim, and this claim is **DISMISSED WITHOUT PREJUDICE**.

---

[1] With regard to the proposed class, Plaintiff provides only the following conclusory information:

> Plaintiff and Class Members are entitled to their additional and a half time [sic] premium for all hours worked over 40 in a workweek. Work performed by Plaintiff and Class Members during their overtime hours was the same or similar work performed during the workweek.  Defendant has improperly classified Plaintiff and Class Members as exempt for FLSA purposes.

(Am. Compl. ¶¶ 23–5.)

II.  <u>Leave to Amend</u>

       The instant Motion to Dismiss also asks the Court to rule that Plaintiff may not further amend her complaint.  (Dkt. # 16 at 8–9.)  Conversely, Plaintiff's Response makes the conclusory "request[] that she be afforded another opportunity to amend her complaint" in the event "this Court find[s] that Plaintiff still has not yet met the minimum thresholds of pleading her complaint pursuant to Federal Rule of Civil Procedure 8 and <u>Iqbal</u>."  (Dkt. # 18 at 4.)

       Federal Rule of Civil Procedure 15 requires the Court to "freely grant leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a)(1)(B).  However, leave to amend a complaint is not automatic.  "A bare request in an opposition to a motion to dismiss—without any indication of the particular grounds on which the amendment is sought . . . does not constitute a motion within the contemplation of Rule 15(a)."  <u>U.S. ex rel. Willard v. Humana Health Plan of Tex. Inc.</u>, 336 F.3d 375, 387 (5th Cir. 2003) (quoting <u>Confederate Mem'l Ass'n, Inc. v. Hines</u>, 995 F.2d 295, 299 (D.C. Cir. 1993)).  A party seeking to amend her complaint must "set forth with particularity the grounds for the amendment and the relief sought."  <u>Willard</u>, 336 F.3d at 387.  Further, "the court may consider such factors as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the

opposing party, and futility of amendment." <u>Matter of Southmark Corp.</u>, 88 F.3d 311, 314–15 (5th Cir. 1996).

Plaintiff's conclusory request to amend fails to set forth any grounds justifying amendment, and leave to amend is **DENIED** at this time (Dkt. # 18 at 4). However, holding that Plaintiff may not amend her complaint under any circumstances is also contrary to the purpose of the Federal Rules of Civil Procedure, and the Court **DENIES** the motion to prohibit further amendment (Dkt. # 16).

<u>CONCLUSION</u>

For the reasons stated above, Warren's Motion to Dismiss is **GRANTED IN PART AND DENIED IN PART** (Dkt. # 16).  To the extent that either party has moved regarding leave to amend, these motions are **DENIED WITHOUT PREJUDICE** (Dkts. ## 16, 18).  The hearing scheduled for September 15, 2016, is hereby **CANCELLED** (Dkt. # 17).

**IT IS SO ORDERED.**

**DATED:** San Antonio, Texas, September 1, 2016.

_____

David Alan Ezra
Senior United States District Judge